FILED
United States Court of Appeals
Tenth Circuit

June 7, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAN TYLER,

       Plaintiff–Appellant,

v.

TSURUMI (AMERICA), INC.,

       Defendant–Appellee.

No. 10-8039
(D.C. No. 1:09-CV-00228-ABJ)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **LUCERO**, Circuit Judges.

Dan Tyler sued Tsurumi (America), Inc., his former employer, alleging four

causes of action under Wyoming law. The district court granted Tsurumi's Fed. R. Civ.

P. 12(b)(6) motion to dismiss all claims. Exercising jurisdiction under 28 U.S.C. § 1291,

we affirm.

**I**

In his complaint, Tyler alleged that he had worked for Tsurumi in Chicago,

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 32.1.

Illinois, but quit his job in 2001 to move back to Salt Lake City, Utah. Tsurumi called Tyler during his move and offered him a new position testing and developing the pumps Tsurumi makes. According to the complaint, "Tyler and Tsurumi entered into an oral contract for . . . Tyler to become a permanent employee." The complaint further alleges that "[b]ecause . . . Tyler was a permanent employee of Tsurumi, he could only be terminated for cause." In addition, the oral contract allowed Tyler to live and work wherever he chose. As a result of this promise, Tyler moved to central Wyoming and built a testing facility and workshop.

Tyler claims that the quality of Tsurumi's pumps steadily deteriorated over several years. He alleges that when he told Tsurumi about his concerns, Tsurumi demanded he move back to Chicago knowing that he was unwilling to relocate, flowing from a "desire to silence his criticism." Tyler refused to move and Tsurumi terminated his employment.

Tyler filed suit in federal district court, alleging four Wyoming state-law claims: (1) breach of contract; (2) promissory estoppel; (3) breach of the covenant of good faith and fair dealing; and (4) "breach of public policy." Tsurumi's motion to dismiss all claims was granted by the district court. Tyler appeals.

**II**

"This court reviews de novo the district court's grant of a motion to dismiss pursuant to Rule 12(b)(6), applying the same legal standard applicable in the district court." Corder v. Lewis Palmer Sch. Dist. No. 38, 566 F.3d 1219, 1223 (10th Cir. 2009) (quotation omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). But because dismissal under Rule 12(b)(6) "is a harsh remedy, . . . a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Dias v. City & Cnty. of Denver, 567 F.3d 1169, 1178 (10th Cir. 2009) (citations and quotations omitted).

## A

In Wyoming, termination of an employee does not generally constitute a breach of contract because state law imposes a presumption that employment for an indefinite period is at-will, meaning that the employer (or employee) can terminate the employment relationship without cause or notice. Bear v. Volunteers of Am., Wyo., Inc., 964 P.2d 1245, 1250 (Wyo. 1998). An employee seeking to overcome that presumption must show the existence of an express or implied-in-fact agreement to the contrary. Id. The dispositive test is "whether there has been an objective manifestation of assent to an employment contract containing a job security provision." Id. (citations omitted).

Tyler's complaint does not allege his oral contract contained job security provisions. Instead Tyler pleads that he was hired as a "permanent employee." It conclusively follows, he asserts, that because he "was a permanent employee of Tsurumi,

- 3 -

he could only be terminated for cause." But "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). Tyler does not allege any facts suggesting that Tsurumi promised he would be terminated only for cause. Rather, Tyler alleges that the "for cause" limitation results from his status as a permanent employee. This conclusion is unsupportable under Wyoming law. "[A] claim by an employee that the employer promised 'permanent' employment does not alter the at[-]will presumption without additional consideration supplied by the employee or explicit language in the contract of employment stating that termination may only be for cause." Wilder v. Cody Country Chamber of Comm., 868 P.2d 211, 218 (Wyo. 1994). Because Tyler does not offer anything more than the allegation of "permanent" employment, his breach-of-contract claim fails as a matter of law.

**B**

"Promissory estoppel provides relief for an injury arising from actions or declarations which have been acted on in good faith," and which, if retracted, would result in an inequity. Worley v. Wyo. Bottling Co., 1 P.3d 615, 623 (Wyo. 2000) (quotation omitted). Wyoming courts permit promissory estoppel recovery in an employment context if a plaintiff shows: (1) "the existence of a clear and definite agreement"; (2) "the party urging the doctrine acted to its detriment in reasonable reliance on the agreement"; and (3) "the equities support the enforcement of the agreement." Id. (citation omitted).

- 4 -

Not unlike the contract claim, in application of the stated criteria the complaint fails to state a viable claim of promissory estoppel. The complaint alleges that Tyler was promised "permanent employee" status. Without more, under Wyoming law, such status is terminable at will. As an at-will employee, Tyler could not reasonably rely on continued employment with Tsurumi.

## C

"Wyoming law recognizes a limited tort claim for breach of the covenant of good faith and fair dealing in employment contracts." Worley, 1 P.3d at 624. But "[a]lthough a duty of good faith and fair dealing is created by law in all [employment] cases, it is only in rare and exceptional cases that the duty is of such a nature as to give rise to tort liability." Id. Only when "a special relationship of trust and reliance exists between the employer and the employee seeking recovery" may the employee recover in tort. Id. Often, a "special relationship" may be found "in a long-term employment relationship, coupled with a discharge calculated to avoid employer responsibilities to the employee." Hoflund v. Airport Golf Club, 105 P.3d 1079, 1087 (Wyo. 2005). Wyoming courts also find a "special relationship" when there is "separate consideration, common law, statutory rights, or the existence of rights accruing with longevity of service." Id. (quotation omitted).

Although Tyler's complaint invokes the magic words "special relationship," it does not allege facts demonstrating anything extraordinary about his employment. He lists his duties and asserts that Tsurumi benefited from his work. Yet if that constituted a

"special relationship" under Wyoming law, all employees who did any work would have a cause of action. He does mention his longevity of service. But he does not explain how Tsurumi was seeking to "avoid employer responsibilities" by discharging him. Cf. Hoflund, 105 P.3d at 1087. Accordingly, we take the district court's view of the matter in concluding that dismissal is required.

## D

In Wyoming, "a limited exception to the at-will employment doctrine" provides that "an employee may not be terminated for a reason that violates public policy." McLean v. Hyland Enters., Inc., 34 P.3d 1262, 1268 (Wyo. 2001). To successfully plead a claim for wrongful discharge in violation of public policy, an employee must establish: "(1) [t]he discharge violated a well established public policy; and (2) there is no other remedy available to protect the interests of the discharged employee or society." McGarvey v. Key Prop. Mgmt. LLC, 211 P.3d 503, 507 (Wyo. 2009) (quotation omitted).

According to Tyler's complaint, his suit implicates the public policy "that a producer of goods and its employees must protect the interests of its products [sic] consumers." While not particularly illogical, this is nonetheless not a well established public policy under Wyoming law. See McGarvey, 211 P.3d at 508 (rejecting a discharge in violation of public policy claim arising from speech critical of employer). The district court correctly dismissed Tyler's claim.

## III

In sum, we conclude that the district court did not err in its judgment, and accordingly **AFFIRM**.

Entered for the Court


Carlos F. Lucero
Circuit Judge